IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 MAY 13 AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

STATE FARM FIRE AND )
CASUALTY COMPANY,
                                  )
       PLAINTIFF,
                                  )
VS.                                        CV96-H-3164-NE
                                  )
CARL MICHAEL SEIBERT,
and PATRICK JOSEPH SEABOL, )

       DEFENDANTS.   )

ENTERED
MAY 13 1998

**MEMORANDUM OF DECISION**

The court has before it the December 17, 1997 motion for summary judgment filed by the plaintiff. Pursuant to the court's January 6, 1998 order, the motion was deemed submitted for decision, without oral argument, as of February 27, 1998.

Plaintiff filed a complaint for declaratory judgment on December 4, 1996 alleging that it was not required to defend or indemnify defendant Seibert in a state court lawsuit in which Seabol is the plaintiff and Seibert the defendant.

In moving for summary judgment, the plaintiff asserts that it is not obligated under the defendant Seibert's homeowner's insurance policy or Seibert's personal liability umbrella insurance policy either to defend or to indemnify Seibert in the suit brought against him in the Circuit Court of Limestone

County, Alabama, by Seabol.  In support of its motion for summary judgment, plaintiff filed a brief on December 17, 1998 and a reply brief on February 27, 1998.  In response to the plaintiff's motion for summary judgment, the defendant Seabol filed a response on January 6, 1998 stating that he has not and does not make any contention as to whether the plaintiff's policy provides coverage.[1]  In opposition to the motion for summary judgment, the defendant Seibert filed a brief on February 17, 1998.  All parties have submitted various affidavits and responses to evidentiary submissions apparently quarreling over whether a conspiracy against Seibert exists and whether Seabol or Seibert are lying about certain matters.  The court only looks to the portions of these submissions that concern the actual issues before the court on plaintiff's motion for summary judgment and does not consider the extraneous bickering between the parties.

### Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

[1]Because defendant Seabol makes no contention as to whether plaintiff State Farm's policies provide coverage, the court will discuss the motion for summary judgment in this memorandum only as it applies to the defendant Seibert.

2

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

3

Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991) (en banc)).

If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. If the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. If the moving party satisfies its burden using this

4

method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial. The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. The affirmative showing may be accomplished by reference to any combination of the following: pleadings; deposition testimony of a party or its witness; affidavits; responses to interrogatories or failure to respond to interrogatories; requests for admission and responses thereto; and other exchanges between the parties that are in the record. See <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604 (11th Cir. 1991); <u>see also</u> <u>Celotex</u>, 477 U.S. at 332 (Brennan, J., dissenting). If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or

5

ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

The following facts in this case are undisputed or where disputed are viewed in light most favorable to the defendant. On September 17, 1996 Patrick Seabol filed a complaint against Carl Michael Seibert in the Circuit Court for Limestone County, Alabama. Count I of Seabol's complaint is brought pursuant to the Alabama Legal Services Liability Act, Alabama Code, Section 6-5-570 *et. seq.* and Count II is a suit for sale of real estate for division of the proceeds of sale. The claims involve the transfer of real estate by plaintiff Seabol to defendant Seibert allegedly on Seibert's legal advice or representation that transferring the property would be in Seabol's best interest and would shield Seabol's property from creditors and the Internal Revenue Service. Seabol seeks damages for lost profits and extreme shame, humiliation, embarrassment, fear and mental anguish. Seabol also seeks equitable relief by way of a sale for division.

The plaintiff has issued two policies to Seibert, a

homeowner's policy No. 01-49-9959-5 and a personal liability umbrella policy No. 01-BC-7522-2.[2] The defendant Seibert claims coverage under both the homeowner's insurance policy and a personal liability umbrella policy. The plaintiff asserts that the trigger for coverage under both policies is a claim for bodily injury or property damage and that neither triggering event has occurred and that Seabol's claim against Seibert falls in the specific exclusions of both policies.

"An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint about what gave rise to the cause of action against the insured." American States Ins. Co. v. Martin, 662 So.2d 245, 247 (Ala. 1995). The court looks to the specific language of both policies and the underlying state claim to determine if plaintiff owes a duty to Seibert to defend him in the action brought by Seabol.

**Bodily Injury**

The homeowner's policy provides coverage for a claim for bodily injury, but specifically excludes claims for emotional

---

[2]In the court's January 16, 1998 pretrial order, the parties agreed that the policies attached as exhibits B and C to plaintiff's complaint are true and correct copies of the applicable insurance policies.

7

distress, mental anguish or humiliation unless the mental anguish arose out of actual physical injury. <u>See</u> Homeowner's policy pp. 1, 14, exhibit B to plaintiff's complaint. Seabol's emotional distress or mental anguish alleged in his state claim do not arise from any physical injury and as such are not covered by the homeowner's policy.

The personal liability umbrella policy also provides coverage for personal liability and includes emotional distress or mental injury within the definition of bodily injury. <u>See</u> Personal Liability Umbrella policy p. 3, Policy Endorsement no. 17, exhibit C to plaintiff's complaint. Although there is coverage for mental anguish under the personal liability umbrella, the claims are specifically excluded as discussed in the Exclusions section of this memorandum.

**Property Damage**

In both the homeowner's policy and the personal liability umbrella policy, property damage is defined as physical injury to or destruction of tangible property. <u>See</u> Homeowner's policy p. 2, exhibit B to plaintiff's complaint; Personal Liability Umbrella policy pp. 2-3, exhibit C to plaintiff's complaint. The Alabama Supreme Court has held that "strictly economic losses like lost profits, loss of an anticipated benefit of a bargain, and loss of

8

an investment, do not constitute damage or injury to 'tangible property.'" American States Ins. Co. v. Martin, 662 So. 2d 245, 249 (Ala. 1995). Seabol's claims for damages include the profits he alleges he lost from the sale of the real estate parcels due to Seibert's actions. Because the alleged actions of Seibert stem from misrepresentations, the economic loss Seabol allegedly suffered does not stem from a tangible property injury but rather are damages from a lost economic opportunity. Seabol's injury alleged in the underlying lawsuit does not fall under property damage and as such is not covered by either of the two policies.

**Policy Exclusions**

The homeowner's policy excludes bodily injury or property damage "arising out of business pursuits" or "arising out of rendering or failing to render professional services" and business is defined as "a trade, profession or occupation." See Homeowner's policy pp. 1, 15, exhibit B to plaintiff's complaint. The personal liability umbrella policy also defines business as "a trade, profession or occupation" and excludes any claim for "any loss caused by providing or failing to provide a professional service" or for "any loss caused by your business operations or arising out of business property." See Personal Liability Umbrella policy pp. 1, 4, exhibit C to plaintiff's

complaint. Seabol's complaint in Count I brought pursuant to the Alabama Legal Services Liability Act clearly arises out of the professional attorney-client relationship between Seibert and Seabol and as such is specifically excluded from both policies.

### Equitable Relief

Count II of Seabol's claim in state court is to compel a sale for division of property which he holds jointly with Seibert. Both the homeowner's policy and the umbrella policy are triggered when a claim or suit for damages is brought against the policy holder. In this situation, Seabol is asking for equitable relief and not damages and therefore the Count II claim is not covered by the policies and the plaintiff State Farm owes no duty to indemnify or defend Seibert against the claims.

### Defendant's Arguments

Defendant Seibert makes two arguments opposing summary judgment. First defendant argues that plaintiff State Farm had knowledge through its agent that Seibert's goal in purchasing an insurance policy was to protect himself from a malicious lawsuit by Jimmy Alexander (Seabol's attorney). However, even if the plaintiff's agent had knowledge of the type of suit Seibert desired protection against, Seibert admits that he was told by the agent that the policy would cover "everything but

professional liability." See defendant Seibert's brief p. 2. As previously discussed, the state lawsuit underlying this action is a professional liability action and as such whether or not Seibert relied upon representations made by the State Farm agent with regard to other types of lawsuits would have no effect on this declaratory judgment action.

Next defendant argues that Seabol's action in Limestone County is meritless and filed only to harass and intimidate Seibert and that the plaintiff State Farm has a duty to defend the case until a point is reached where it is clear what the theory of liability will ultimately be at trial. The court finds that the complaint clearly sets out the type of action that is brought against Seibert and the court will not simply characterize the lawsuit any way that Seibert desires, but will look to the face of the complaint that makes clear that the underlying action is one brought pursuant to the Alabama Legal Services Liability Act. The two insurance policies simply do not cover the type of suit that is brought against Seibert and the court will not fabricate a claim that is not stated in Seabol's complaint to provide for coverage.

As the claims Seabol brings against Seibert in state court are not covered by the two insurance policies and fall under the

11

exclusions of these policies, the plaintiff State Farm is not required to indemnify or defend Seibert in the action brought against him by Seabol in Limestone County.  The court is satisfied that there is no genuine issue of material fact and that defendant has failed to set forth evidence sufficient to withstand the motion for summary judgment filed by the plaintiff. The plaintiff's motion for summary judgment is due to be granted and a separate declaratory judgment will be entered.

DONE this 13th day of May, 1998.

_____
SENIOR UNITED STATES DISTRICT JUDGE